72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Raul ARANA-GUADAMUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70845.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1995.*
Decided Dec. 13, 1995.
 
 Before: BROWNING, CANBY and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Marvin Raul Arana-Guadamuz appeals the Board of Immigration Appeal's ("BIA") opinion denying his request for asylum and a withholding deportation order. Petitioner argues that the decision is not supported by sufficient evidence and further maintains that insufficient evidence supports the finding that he was firmly resettled in Costa Rica prior to his arrival in the United States.
 
 
 3
 We find that substantial evidence supports the BIA's finding that petitioner failed to demonstrate past persecution and a well-founded fear of future persecution.
 
 I.
 A.
 
 4
 Persecution "involves the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quoting Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969)). Here, petitioner has testified his refusals to participate in Sandinista activities prompted him to drop out of school temporarily, but he has not demonstrated that he has suffered significant harm or disadvantage. He was still able to obtain his diploma, was never imprisoned, nor was he physically abused in any way. Moreover, petitioner did not flee the country to avoid the draft; he left because his disagreement with the regime resulted in a severe curtailment in opportunities. Although "substantial economic disadvantage" may support a claim for asylum, id., petitioner has not demonstrated even that level of harm.
 
 
 5
 Furthermore, petitioner has failed to demonstrate that he is at "particular risk" for future persecution upon his return to Nicaragua. Kostasz v. INS, 31 F.3d 847, 852 (9th Cir.1994). As both the BIA and IJ noted, in 1990, the Sandinistas were displaced from power and a democratic government was put into place. While it is true the Sandinistas continue to wield police powers, petitioner testified that he did not fear the army or security forces. Moreover, petitioner has not established that he would be singled out by the Sandinistas. By his own testimony, petitioner was never arrested, interrogated or detained by the Sandinistas and his parents have remained in the country without harm.
 
 
 6
 Accordingly, we find substantial evidence supports the BIA's determination.
 
 B.
 
 7
 The standard for withholding deportation is less generous than the standard for asylum. INS v. Cardoza-Fonseca, 480 U.S. 420, 444 (1987). Thus, having failed to satisfy the lower burden of proof required for asylum, petitioner necessarily fails to satisfy the stricter burden required for withholding deportation.
 
 II.
 
 8
 Because we conclude that petitioner failed to establish past persecution or a well-founded fear of future persecution, we need not reach the question of whether petitioner was firmly resettled in Costa Rica prior to his arrival in the United States.
 
 
 9
 Accordingly, the petition for review is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3